**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Gzim Hasangjakaj Granit Hasangjakaj, and
Gentrid Hasangjakaj, *on behalf of themselves and*
*others similarly situated in  the proposed FLSA*
*Collective Action,*

                                            *Plaintiffs*,

             - against -

A & B Fulton Corp., Dema Balidemic (a/k/a
Dema Balidemaj), Julia Balidemic (a/k/a Julia
Balidemaj), and Amy Balidemic (a/k/a Amy
Balidemaj),

                                *Defendants*.
-------------------------------------------------------------X

Case No.:


**Jury Trial Demanded**

**COMPLAINT**

       Plaintiffs Gzim Hasangjakaj ("Gzim"), Granit Hasangjakaj ("Granit"), and Gentrid Hasangjakaj ("Gentrid", and collectively the "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants A & B Fulton Corp. (the "Corporate Defendant"), Dema Balidemic (a/k/a Dema Balidemaj), Julia Balidemic (a/k/a Julia Balidemaj), and Amy Balidemic (a/k/a Amy Balidemaj) (collectively, the "Individual Defendants", and collectively with the Corporate Defendant, the "Defendants") and state as follows:

**NATURE OF THE ACTION**

       1.    Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

1

2.      Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, unpaid spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

5.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF GZIM HASANGJAKAJ**

6.      Plaintiff Gzim is a resident of Brooklyn, New York.

7.      Plaintiff Gzim was employed as a server and bartender at Defendants' restaurant, located at 7 Old Fulton Street, Brooklyn, NY 11201, known as "7 Old Fulton", from on or around June 2017 through and including February 2020, and again from April 2020 through and including January 13, 2021.

8.      Plaintiff Gzim was employed as a non-managerial employee at 7 Old Fulton from on or around June 2017 through and including February 2020, and again from April 2020 through and including January 13, 2021.

9.      At all relevant times, Plaintiff Gzim has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF GRANIT HASANGJAKAJ**

10.     Plaintiff Granit is a resident of Brooklyn, New York.

11.     Plaintiff Granit was employed as a server and bartender at 7 Old Fulton from on or around April 7, 2017 through and including February 2020, and again from April 2020 through and including November 18, 2020.

12.     Plaintiff Granit was employed as a non-managerial employee at 7 Old Fulton from on or around April 7, 2017 through and including February 2020, and again from April 2020 through and including November 18, 2020.

13.     At all relevant times, Plaintiff Granit has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF GENTRID HASANGJAKAJ**

14.     Plaintiff Gentrid is a resident of Manhattan, New York.

15.     Plaintiff Gentrid was employed as a busboy and food runner at 7 Old Fulton, from on or around December 25, 2018 through and including February 2020, and again from April 2020 through and including January 13, 2021.

16.     Plaintiff Gentrid was employed as a non-managerial employee at 7 Old Fulton from on or around December 25, 2018 through and including February 2020, and again from April 2020 through and including January 13, 2021.

17.     At all relevant times, Plaintiff Gentrid has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT A & B FULTON CORP.**

18.     Upon information and belief, Defendant A & B Fulton Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 7 Old Fulton Street, Brooklyn, NY 11201.

19.     At all times relevant to this Complaint, Defendant A & B Fulton Corp. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

20.     At all times relevant to this Complaint, Defendant A & B Fulton Corp.  was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

21.     At all times relevant to this Complaint, Defendant A & B Fulton Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEMA BALIDEMIC (A/K/A DEMA BALIDEMAJ)**

22.     Defendant Dema Balidemic (a/k/a Dema Balidemaj) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

23.     Defendant Dema Balidemic (a/k/a Dema Balidemaj) is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

24.     Defendant Dema Balidemic (a/k/a Dema Balidemaj) possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

25.     Defendant Dema Balidemic (a/k/a Dema Balidemaj) determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

26.     At all times relevant to this Complaint, Defendant Dema Balidemic (a/k/a Dema Balidemaj) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT JULIA BALIDEMIC (A/K/A JULIA BALIDEMAJ)**

27.     Defendant Julia Balidemic (a/k/a Julia Balidemaj) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.     Defendant Julia Balidemic (a/k/a Julia Balidemaj) is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendant.

29.     Defendant Julia Balidemic (a/k/a Julia Balidemaj) possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

30.     Defendant Julia Balidemic (a/k/a Julia Balidemaj) determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

31.     At all times relevant to this Complaint, Defendant Julia Balidemic (a/k/a Julia Balidemaj) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT AMY BALIDEMIC (A/K/A AMY BALIDEMAJ)**

32.     Defendant Amy Balidemic (a/k/a Amy Balidemaj) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

5

33.     Defendant Amy Balidemic (a/k/a Amy Balidemaj) is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendant.

34.     Defendant Amy Balidemic (a/k/a Amy Balidemaj) possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

35.     Defendant Amy Balidemic (a/k/a Amy Balidemaj) determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

36.     At all times relevant to this Complaint, Defendant Amy Balidemic (a/k/a Amy Balidemaj) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

37.     The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendant.

38.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

39.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

40.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and

6

are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

41.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

42.     Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

a.     failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

b.     defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.     operating the Corporate Defendant for their own benefit as the majority shareholders;

e.     operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.     intermingling assets and debts of their own with the Corporate Defendant;

g.     diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

h.     other actions evincing a failure to adhere to the corporate form.

43.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

7

44.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

### *Gzim Hasangjakaj*

45.     Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

46.     Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

47.     Gzim was an employee of Defendants.

48.     Gzim worked as a server and bartender at "7 Old Fulton".

49.     At 7 Old Fulton, Gzim regularly worked in excess of forty (40) hours per week.

50.     From approximately June 2017 through and including July 2018, Gzim worked as a sever six (6) to seven (7) days a week: from 10:00 a.m. to 11:00 p.m. or 12:00 a.m., for an average total of approximately 13.5 hours each day, and for an average total period of approximately 87.75 hours during each of the weeks, respectively.

51.     From approximately August 2018 through and including February 2020, and again from April 2020 through and including January 13, 2021, Gzim worked as a sever and bartender six (6) to seven (7) days a week: from 10:00 a.m. to 11:00 p.m. or 12:00 a.m., for an average total of approximately 13.5 hours each day, and for an average total period of approximately 87.75 hours during each of the weeks, respectively.

52.     From approximately June 2017 through and including February 2020, Defendants paid Gzim a flat daily salary of $20.

53.     From approximately April 2020 through and including January 13, 2021, Defendants paid Gzim a flat daily salary of $25 for all hours worked.

*Granit Hasangjakaj*

54.     Granit was an employee of Defendants.

55.     Granit worked as a delivery driver and supervisor at "7 Old Fulton".

56.     At 7 Old Fulton, Granit regularly worked in excess of forty (40) hours per week.

57.     From approximately April 7, 2017 through and including February 2020, and again from April 2020 through and including November 18, 2020, Granit worked as a server and bartender seven (7) days a week: from 10:00 a.m. to 11:00 p.m. or 11:30 p.m., for an average total of approximately 13.25 hours each day, and for an average total period of approximately 92.75 hours during each of the weeks, respectively.

58.     From approximately April 7, 2017 through and including February 2020, and again from April 2020 through and including November 18, 2020, Defendants paid Granit a flat daily salary of $20 for all hours worked.

*Gentrid Hasangjakaj*

59.     Gentrid was an employee of Defendants.

60.     Gentrid worked as a delivery driver at "7 Old Fulton".

61.     At 7 Old Fulton, Gentrid regularly worked in excess of forty (40) hours per week.

62.     From approximately December 25, 2018 through and including April 2019, Gentrid worked as a busboy six (6) days a week as follows: Tuesday through Friday from 10:00 a.m. to 11:00 p.m. or 11:30 p.m., for an average total of approximately 13.25 hours each day during the weekdays, and Saturday and Sunday from 10:00 a.m. to 1:00 a.m., for an average total of approximately 15 hours each day during the weekends, and for an average total period of

approximately 83 hours during each of the weeks, respectively.

63.　　From approximately May 2019 through and including February 2020, and again from April 2020 through and including January 13, 2021, Gentrid worked as a food runner six (6) days a week as follows: Tuesday through Friday from 10:00 a.m. to 11:00 p.m. or 11:30 p.m., for an average total of approximately 13.25 hours each day during the weekdays, and Saturday and Sunday from 10:00 a.m. to 1:00 a.m., for an average total of approximately 15 hours each day during the weekends, and for an average total period of approximately 83 hours during each of the weeks, respectively.

64.　　From approximately December 25, 2018 through and including February 2020, and again from April 2020 through and including January 13, 2021, Defendants paid Gentrid a flat daily salary of $20 for all hours worked.

*Factual Allegations Pertaining to all Plaintiffs*

65.　　Plaintiffs' wages did not vary regardless of how many additional hours they worked in a week.

66.　　At all relevant times, Defendants did not compensate Plaintiffs for one hour's pay at the basic minimum hourly wage rate for each day their shift exceeded ten (10) hours.

67.　　Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as tipped workers instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay Plaintiff at or below the tip-credit rate.

68.　　However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y.C.R.R. §146.

69.     At all relevant times herein, Defendants required Plaintiffs, and all similarly situated individuals, to pool and distribute their tips.

70.     The employer-mandated tip sharing imposed on Plaintiffs was not reasonable.

71.     Defendants did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiffs or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

72.     Defendants did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

73.     Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

74.     Regardless, at all times, Defendants paid Plaintiffs and all other tipped employees at a rate that was lower than the required tip-credit rate.

75.     Defendants never granted Plaintiffs with meal breaks or rest periods of any length.

76.     Plaintiffs was never notified by Defendants that their tips would be included as an offset for wages.

77.     At no time did Defendants inform Plaintiffs that they had reduced their hourly wages by a tip allowance.

78.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

11

79.     Plaintiffs were not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

80.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

81.     Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

82.     Defendants did not give any notice to Plaintiffs, in Plaintiffs' primary language, of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

83.     At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

84.     Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to servers, bartenders, busboys, and food runners) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

85.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims

of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

86.     The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

87.     Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

88.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

89.     Defendants willfully and intentionally failed to compensate Plaintiffs with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

90.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

91.     Due to Defendants' violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

92.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

93.     At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

94.     Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

95.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

96.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

97.     Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)**

98.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

99.     Defendants willfully and intentionally failed to compensate Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

14

100.    Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

101.    Due to Defendants' violations of the NYLL, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

**FOURTH CLAIM**
**(NYLL – Unpaid Overtime Wages)**

102.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

103.    Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

104.    Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

105.    Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

106.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

107.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

108.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

109.    Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

110.    By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

111.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**SIXTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

112.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

113.    The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

114.    In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the

name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address, if different;

the telephone number of the employer, and anything otherwise required by law.

115.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover

their liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

116.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

117.    With each payment of wages, Defendants failed to provide Plaintiffs with a

statement listing each of the following the dates of work covered by the payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of

regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

118.    As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to

damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs,

respectfully request that this Court enter a judgment:

a.    authorizing Plaintiffs at the earliest possible time to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have

up through the extent allowable under the statute of limitations and including the

date of issuance of court-supervised notice, been employed by Defendants as

nonexempt employees. Such notice shall inform them that the civil notice has been

filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.      certification of this case as a collective action pursuant to the FLSA;

c.      issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d.      declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.      declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.      declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.      awarding Plaintiffs unpaid minimum wages;

i.      awarding Plaintiffs unpaid overtime wages;

j.      awarding Plaintiffs unpaid spread-of-hours pay;

k.      awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

l.      awarding unpaid wages under the NYLL and the New York State contract law;

m.      awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

n.      awarding Plaintiffs pre- and post-judgment interest under the NYLL;

o.      awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

p.      Such other relief as this Court deems just and proper.

Dated: New York, New York
      May 2, 2022                      Respectfully submitted,


By:  /s/ Joshua Levin-Epstein
       Joshua Levin-Epstein
       Jason Mizrahi
       Levin-Epstein & Associates, P.C.
       60 East 42nd Street, Suite 4700
       New York, New York 10165
       Tel: (212) 792-0046
       Email: Joshua@levinepstein.com
       *Attorneys for the Plaintiffs and proposed FLSA*
       *Collection Action Plaintiffs*